No.  91-114

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1991**

JUNE ENRIGHT,

               Plaintiff and Appellant,

-vs-

ROSEBUD COUNTY, a political subdivision of the
State of Montana; ROBERT CORBIN, individually
and as Deputy Sheriff of Rosebud County; CHRIS
ELWOOD. individually and as Deauty Sheriff of
Rosebud County: and WILLIAM HUCKINS, individually
and as Deouty Sheriff of Rosebud County.

               Defendants and Respondents.

FILED

OCT 21 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
                In and for the County of Rosebud,
                The Honorable Kenneth R. Wilson, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       June Enright, Pro Se, Black Eagle, Montana

       For Respondent:

       Susan Fisher Stevens; Wright, Tolliver & Guthals,
       Billings, Montana

               Submitted on Briefs:  August **29,** 1991

                    Decided:  October 21, 1991

Filed:

                       Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant June Enright appeals from an order of the Sixteenth Judicial District Court, Rosebud County, granting Rosebud County's motion for summary judgment.

We affirm.

Appellant, appearing pro se, raises three issues for appeal.

1.  Whether the District Court erred in granting defendants' motion for summary judgment on the issue of negligence against the Rosebud County Sheriff's Department.

2.  Whether the District Court erred in granting defendants' motion for summary judgment on the issue that defendants violated appellant's civil rights under 42 U.S.C. § 1983.

3.  Whether the District Court erred in granting defendants' motion for summary judgment on the issue that they intentionally, negligently, and recklessly inflicted emotional distress upon the appellant.

Briefly, the uncontroverted facts are as follows.  Between December 1984 and July 21, 1986, Robert Corbin, Chris Elwood, and William Huckins were employed as deputies by the Rosebud County Sheriff's Department.  On July 21, 1986, at 11:27 p.m., Deputies Elwood and Corbin, who were on their regular patrol, received a radio message of shots being fired at the Ashland Bar.  A few minutes later they arrived at the premises where they were met by Evette Archambeault who told them appellant had fired shots at Georgia Wilson.  Deputy Corbin entered the bar and asked appellant

to come outside to talk with him. Appellant explained to Deputy Corbin that Georgia Wilson was standing outside the bar harassing her and would not leave. Appellant admitted that she had fired shots at Ms. Wilson. Deputy Corbin immediately told appellant not to relate any further details, as he had not read her the Miranda warning. He then told appellant to go back into the bar. After discussing the best way to handle the situation, Deputies Corbin and Elwood decided to arrest Georgia Wilson on an outstanding felony warrant from Big Horn County. They believed by arresting Wilson and removing her from the scene, it would diffuse the situation. The deputies told several witnesses to go home and advised them they would be contacted the next day for their statements. The deputies arrested Wilson, placed her in the patrol car, and proceeded to the Sheriff's Office in Colstrip.

The deputies had just left town when they received a radio call of another shooting at the bar and immediately called for backup. Off-duty Deputy William Huckins was called to assist them. He arrived, in uniform, in his patrol car. The deputies determined that appellant and Evette Archambeault had gotten into a fight outside the bar and inflicted serious bite injuries upon one another, after which appellant shot at Archambeault. They found appellant at her residence next door to the bar where she was nursing a bite wound above her eye. Deputy Huckins determined the wound to be serious and called for an ambulance, which appellant refused, so Deputy Huckins cancelled it. Appellant then called her

3

son to come and get her. The deputies stayed and checked on her condition regularly until her son arrived. Appellant and her son proceeded to count the money in the till and closed the bar before going to the hospital.

In July **1989,** appellant filed suit against Rosebud County, Deputies Robert Corbin, Chris Elwood, and William Huckins, individually and as deputy sheriffs of Rosebud County. Appellant's complaint claimed negligence by Rosebud County, a violation of her civil rights under **42** U.S.C. § **1983,** and emotional distress by the respondents.

In July **1990,** after adequate time for discovery by the parties, the respondent filed a motion for summary judgment and supporting brief. Appellant's attorney filed an answer brief. Due to the discrepancies in appellant's complaint, respondents requested and were granted an evidentiary hearing for the purpose of determining their status during the incident. The evidentiary hearing and motion for summary judgment hearing were scheduled on the same day. Neither the appellant nor her attorney attended the hearing, and no additional briefs or affidavits were filed by appellant. On January **28, 1991,** the District Court granted respondent's motion for summary judgment and dismissed the case with prejudice. Appellant appeals from that order.

Appellant did not attend the hearing to offer evidence and testimony in support of her allegations. By not attending the hearing, appellant waived her right to cross-examine defense

**4**

counsel's witnesses and present her own evidence. The court was forced to rely on the pleadings in the file and defendants' responses to appellant's discovery requests. In failing to provide the District Court with affidavits, sworn testimony, or other evidence, as contemplated by Rule 56(c), M.R.Civ.P., appellant only invited the decision of the court.

We affirm the District Court in holding that no genuine issue of material fact existed and that the defendant was entitled to judgment as a matter of law.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

October 21. 1991

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

June Enright
123 11th St.
Black Eagle, MT  59414

Susan Fisher Stevens
Wright, tolliver & Guthals
P.O. **Box** 1977
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy